IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CITIMORTGAGE, INC., <br><br> **Plaintiff**, <br><br> **v.** <br><br> JOHNNY ABRAHAM ROGERS, *et al.*, <br><br> **Defendants**. | **Civil No.** 11-2138 (FAB) |

**JUDGMENT**

Upon plaintiff CitiMortgage, Inc.'s application for judgment, and it appearing from the records of this case that default was entered by the Clerk of the Court against defendants Johnny Abraham Rogers, Mireya Fulgencio and their conjugal partnership for their failure to plead, file an answer to the complaint or otherwise appear in this case, against which defendants plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS ORDERED, ADJUDGED AND DECREED that:

1.   The mortgage constituted by defendants Johnny Abraham Rogers, Mireya Fulgencio and the Conjugal Partnership constituted among them by deed Number 40, before Notary Public Ignacio Jose Gorrin-Maldonado, at San Juan, Puerto Rico, on January 29th, 2001, securing a mortgage note, payable to the order of Great Atlantic Mortgage Corporation, further negotiated or endorsed to the order of plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of the defendants, on the

Civil No. 11-2138 (FAB)                                                2

mortgaged premises, as described in paragraph seventh of the complaint as follows:

> ---URBANA: Solar marcado con el Número 23 de la Manzana 179 de la URBANIZACIÓN VILLA CAROLINA, radicada en el Barrio Hoyo Mulas del término municipal de Canóvanas, Puerto Rico, con un área superficial de 336.00 metros cuadrados. En lindes por el Norte, con la Calle #43, distancia de 14.00 metros; por el Sur, con los solares #15 y #16, distancia de 14.00 metros; por el Este, con el solar #22, distancia de 24.00 metros; y por el Oeste, con el solar #24, distancia de 24.00 metros. Enclava una casa.
>
> ---Inscrita al folio 75 del tomo 777 de Carolina. Registro de la Propiedad de Carolina, Sección Segunda, Finca 31,223.

2.    Defendants Johnny Abraham Rogers, Mireya Fulgencio and the Conjugal Partnership constituted among them, as debtors under the note and as current owners of the land and buildings described, are ordered and adjudged to pay unto plaintiff CitiMortgage, Inc. the sum of $133,604.90 of the principal on the mortgage note, plus interest at the rate of 5.6250% per year from November 1st, 2010 until complete and full payment of principal, plus costs, charges, disbursements and attorneys' fees in the amount of $11,905.90, plus all expenses and advances made by the plaintiff.

3.    On November 26th, 2008, defendants Johnny Abraham Rogers and Mireya Fulgencio, subscribed a Loan Modification Agreement in which the following terms of the mortgage note above mentioned were modified:

> a.    Unpaid principal balance: $141,202.07.
>
> b.    Interest: 5.625% effective December 1st, 2008.

Civil No. 11-2138 (FAB)                                                3
_____

        c.    Monthly payments: $929.93 (which do not include any amount required for Insurance or Taxes) beginning January 1st, 2009.

        d.    Maturity date:  February 1st, 2031

    4.    In default of the payment of these sums or of any part of them within ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1), shall be sold at public auction to its highest bidder, without an appraisal or right of redemption, for the payment and satisfaction of plaintiff's debt within the limits secured by the mortgage.

    5.    Pedro A. Vélez-Baerga is appointed Special Master to conduct the sale, but the Special Master shall not proceed to carry out the sale, or do anything in connection with it, until further order of this Court and under the form and conditions to be directed by the Court.

    6.    The sale to be conducted by the Special Master shall be subject to the confirmation of this Court, and the purchaser or purchasers of the property shall be entitled to receive its possession.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed is $119,059.00.

    7.    Any funds derived from the sale conducted in accordance with the terms of this judgment and those further orders of this Court shall be applied as follows:

        a.    To the payment of all proper expenses attendant upon the sale, including the expenses, outlays and compensation of the Special Master.  After the compensation and expenses shall have

Civil No. 11-2138 (FAB)                                                         4

been fixed and approved by the Court, all expenses will be deducted from the sum of $11,905.90 provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

    b. To the payment of all expenses and advances made by the plaintiff in an amount not to exceed $11,905.90.

    c. To the payment of that part of the indebtedness owed to plaintiff up to the amount of $133,604.90 of principal, with interest on the principal from November 1st, 2010 until the date of full payment, at the rate of 5.6250% per year, plus the balance of the sum of $11,905.90 for costs, charges, disbursements, expenses and attorney's fees, after deduction of the expenses mentioned in subparagraph (a).

    d. If after making all the above payments there shall be a surplus, it shall be delivered to the Clerk of the Court, subject to further orders of the Court.

    8. Plaintiff may apply to this Court for those further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, August 21, 2012.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          UNITED STATES DISTRICT JUDGE